Citation Nr: 1452649 
Decision Date: 11/28/14 Archive Date: 12/02/14

DOCKET NO. 10-08 356 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUES

1. Entitlement to service connection for numbness and tingling in the arms and hands as secondary to degenerative joint disease of the cervical spine. 

2. Entitlement to service connection for sleep apnea. 

3. Entitlement to a disability evaluation in excess of 30 percent for service-connected dysthymia. 

4. Entitlement to a disability evaluation in excess of 10 percent for service-connected residuals of fracture and dislocation of the right elbow (right elbow disability). 

5. Entitlement to a compensable disability evaluation for service-connected residuals of fracture left elbow (left elbow disability). 

6. Entitlement to an initial disability evaluation in excess of 10 percent for service-connected degenerative joint disease (DJD) of the right knee (right knee DJD). 

7. Entitlement to an initial disability evaluation in excess of 10 percent for service-connected right knee laxity (right knee laxity). 

8. Entitlement to an initial disability evaluation in excess of 20 percent for service-connected DJD of the lumbar spine with sciatica (lumbar spine disability). 

9. Entitlement to a disability evaluation in excess of 10 percent for service-connected DJD of the cervical spine (cervical spine disability). 

10. Entitlement to an initial compensable disability evaluation for service-connected hypertension (HTN). 

11. Entitlement to a total rating based on individual unemployability (TDIU). 


REPRESENTATION

Veteran represented by: Kenneth L. LaVan, Attorney


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

A. Nigam, Counsel






INTRODUCTION

The Veteran served on active duty from April 1977 to December 1994. 

These matters initially came to the Board of Veterans' Appeals (Board) on appeal from rating decisions of the Department of Veterans Affairs (VA) Regional Office (RO) in St Petersburg, Florida. In March 2009, the RO, inter alia, granted service connection for the lumbar spine disability, and assigned a 20 percent rating, effective July 11, 2008; granted service connection for right knee DJD, and assigned a noncompensable rating, effective July 11, 2008; denied an increased rating for dysthymia disorder; decreased the disability rating for the right elbow disability from 10 percent to noncompensable, effective July 11, 2008. In November 2009, the RO granted an increased rating of 30 percent for dysthymia disorder, effective July 11, 2008. The RO also found clear and unmistakable error in the March 2009 decision regarding the reduction of disability rating for the right elbow disability and the assignment of a noncompensable rating for right knee DJD. The RO reinstated the 10 percent rating for the right elbow, effective July 11, 2008 and assigned a 10 percent rating for right knee DJD, effective July 11, 2008, as well as a separate 10 percent rating for right knee laxity, effective July 11, 2008. In November 2010, the RO denied a request to reopen the claim for service connection for HTN. 

In May 2012, the RO denied service connection for numbness and tingling in the arms and hands as secondary to degenerative joint disease of the cervical spine; and denied increased ratings for the cervical spine and left elbow disabilities. The Veteran filed a notice of disagreement (NOD) with this decision in September 2012. In August 2014, the RO issued a statement of the case (SOC), and in August 2014 the Veteran submitted a VA Form 9, Appeal to the Board of Veterans' Appeals (VA Form 9). Thus, these issues are currently ripe for appellate review. 

In October 2012, the Veteran testified before the undersigned Veterans Law Judge at a Board hearing at the RO. 

In March 2013, the Board, inter alia, reopened and granted the claim for service connection for HTN, and remanded the issues of entitlement to service connection for sleep apnea; and increased disability evaluations for service-connected dysthymia, a right elbow disability, right knee DJD, right knee laxity, a lumbar spine disability. 

In September 2013, the RO promulgated the Board's grant of service connection for HTN and assigned a noncompensable evaluation, effective April 23, 2010. The Veteran filed an NOD in October 2013, and disagreed with the assignment of the noncompensable evaluation. In August 2014, the RO issued a SOC, and in August 2014 the Veteran submitted a VA Form 9. Thus, this issue is also currently ripe for appellate review. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

In VA Form 9's, received in June 2014 and August 2014, the Veteran indicated that he wished to continue with all of the issues included in the May 2014 supplemental SOC (SSOC) and the August 2014 SOCs, and requested a Board videoconference hearing before a VLJ. Therefore, a hearing must be scheduled before deciding his appeal. 38 U.S.C.A. § 7107; 38 C.F.R. §§ 19.75, 19.76, 20.700, 20.703, 20.704. 

Accordingly, the case is REMANDED for the following action:


Schedule the Veteran for a videoconference hearing at the RO at the earliest available opportunity. Notify the Veteran and his attorney of the location, date and time of the hearing, in accordance with 38 C.F.R. § 20.704(b) (2014), and associate a copy of such notice with the claims file. After the hearing, the claims file should be returned to the Board in accordance with current appellate procedures. 

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2014). 



_________________________________________________
K. PARAKKAL
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).